IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DARNELL EDWARDS,

    Plaintiff,                  No. 2:10-cv-1264 MCE JFM (PC)

   vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.          ORDER

        /

        Plaintiff is a state prisoner proceeding pro se.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff initiated this action with an original pleading prepared on the form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed June 9, 2010, this action was construed as a civil rights action and plaintiff was granted thirty days in which to file an amended complaint and to either file an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or pay the appropriate filing fee.  On June 23, 2010, plaintiff filed a first amended complaint.  On June 25, 2010, plaintiff filed a second amended complaint.  Plaintiff has also moved to proceed with this action in forma pauperis.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

1  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must
2  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
3  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
4  id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the
5  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson
6  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
7  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
8  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
9  and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416
10  U.S. 232, 236 (1974).

11  Plaintiff names eleven defendants in the second amended complaint.  The
12  allegations of that pleading are sufficient to state one or more cognizable claims for relief.
13  However, plaintiff has failed to allege specific acts or omissions by each named defendant that
14  caused or contributed to the alleged violations of his constitutional rights.  The court finds the
15  allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to
16  determine whether the current action is frivolous or fails to state a claim for relief.  Although the
17  Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to each named
18  defendant and state the elements of the claim plainly and succinctly  Plaintiff must allege with at
19  least some degree of particularity overt acts which defendants engaged in that support plaintiff's
20  claim. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because
21  plaintiff has failed to adequately allege acts or omissions by each of the named defendants, the
22  second amended complaint must be dismissed.  The court will, however, grant leave to file a
23  third amended complaint.

24  If plaintiff chooses to amend the complaint, plaintiff must allege in specific terms
25  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
26  there is some affirmative link or connection between a defendant's actions and the claimed

3

1  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
2  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
3  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
4  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5　　　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in
6  order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an
7  amended complaint be complete in itself without reference to any prior pleading.  This is
8  because, as a general rule, any amended complaint supersedes prior pleadings.  See Loux v.
9  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, prior
10 pleadings no longer serve any function in the case.  Therefore, in a third amended complaint, as
11 in an original complaint, each claim and the involvement of each defendant must be sufficiently
12 alleged.

13　　　　　　　In accordance with the above, IT IS HEREBY ORDERED that:

14　　　　　　　1. Plaintiff's request for leave to proceed in forma pauperis is granted.

15　　　　　　　2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
17 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
18 Director of the California Department of Corrections and Rehabilitation filed concurrently
19 herewith.

20　　　　　　　3. Plaintiff's second amended complaint is dismissed.

21　　　　　　　4. Within thirty days from the date of this order, plaintiff shall complete the
22 attached Notice of Amendment and submit the following documents to the court:

23　　　　　　　　　a. The completed Notice of Amendment; and

24　　　　　　　　　b. An original and one copy of the Third Amended Complaint.
25 Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,
26 the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended

4

1  complaint must bear the docket number assigned this case and must be labeled "Third Amended
2  Complaint"; failure to file a third amended complaint in accordance with this order may result in
3  the dismissal of this action.
4  DATED: March 25, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
edwa1264.14

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 | IN THE UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |

```
BRIAN DARNELL EDWARDS,

        Plaintiff,                      No. 2:10-cv-1264 MCE JFM (PC)

    vs.

HIGH DESERT STATE PRISON,
et al.,
                                         NOTICE OF AMENDMENT
        Defendants.
_____/

        Plaintiff hereby submits the following document in compliance with the court's

order filed _____:

        _____        Third Amended Complaint

DATED:




                                         _____
                                         Plaintiff
```