1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRIAN DARNELL EDWARDS,

11                 Plaintiff,                No. 2:10-cv-1264 MCE JFM (PC)

12        vs.

13   HIGH DESERT STATE PRISON,
     et al.,
14
                   Defendants.              FINDINGS AND RECOMMENDATIONS
15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

18   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19            On December 1, 2011, plaintiff filed a motion for a preliminary injunction.  In the

20   motion, plaintiff alleges that he is being harassed and retaliated against by prison officials at Kern

21   Valley State Prison, and that the events complained of in the motion are interfering with his right

22   to access the courts.

23            The legal principles applicable to a request for injunctive relief are well

24   established.  To prevail, the moving party must show either a likelihood of success on the merits

25   and the possibility of irreparable injury, or that serious questions are raised and the balance of

26   hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

                                                1

1  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

2  1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

3  point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under

4  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

5  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

6  court need not reach the issue of likelihood of success on the merits.  Id.

7         In cases brought by prisoners involving conditions of confinement, any

8  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

9  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

10  correct the harm."  18 U.S.C. § 3626(a)(2).

11          Initially, the principal purpose of preliminary injunctive relief is to preserve the

12  court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A.

13  Miller, 11 Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he

14  will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must

15  show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press

16  International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of

17  International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir.

18  1979).  Implicit in this required showing is that the relief awarded is only temporary and there

19  will be a full hearing on the merits of the claims raised in the injunction when the action is

20  brought to trial.

21         In addition, as a general rule this court is unable to issue an order against

22  individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine

23  Research, Inc., 395 U.S. 100 (1969).[1]

24  ───────────────

25  [1]  The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the

26  usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and

1    Because the harassment and retaliation claims raised in this motion is not

2    cognizable as part of the underlying complaint, these claims will not be given a hearing on the

3    merits at trial.  Further, the claim does not implicate this court's jurisdiction in a way that might

4    justify application of the All Writs Act to reach officials at Kern Valley State Prison who are not

5    named in the underlying litigation.  See footnote 1, supra.

6    In addition, plaintiff has failed to demonstrate that his constitutional right to

7    access the courts is threatened in a manner that requires action by the court at this time.  In Lewis

8    v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a

9    constitutionally protected right to access the courts to bring civil rights actions to challenge their

10   conditions of confinement and to bring challenges to their criminal convictions.  Lewis v. Casey,

11   518 U.S. at 351.  The right of access to the courts "guarantees no particular methodology but

12   rather the conferral of a capability -- the capability of bringing contemplated challenges to

13   sentences or conditions of confinement before the courts."  Id. at 356.  To obtain relief, plaintiff

14   must show that the challenged actions are preventing plaintiff from bringing, or will cause him to

15   lose, an actionable claim of this type.  Id.  Plaintiff has failed to demonstrate that he will be

16   unable to litigate this action in the absence of the requested relief.

17   For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that

18   plaintiff's December 1, 2011 motion for a preliminary injunction be denied.

19   These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

21   days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

24   ─────────────────────

25   preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289
     (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in
     appropriate circumstances against persons or entities not a party to the underlying litigation.

26   United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

3

1 | objections shall be filed and served within fourteen days after service of the objections.  The

2 | parties are advised that failure to file objections within the specified time may waive the right to

3 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 | DATED: February 6, 2012.

UNITED STATES MAGISTRATE JUDGE

12
edwa1264.pi

1

2

3

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

5

BRIAN DARNELL EDWARDS,

6
               Plaintiff,                      No. 2:10-cv-1264 MCE JFM (PC)

    vs.

7

HIGH DESERT STATE PRISON, et al.,     NOTICE OF SUBMISSION

               Defendants.             OF DOCUMENTS

8

_____/

9

               Plaintiff hereby submits the following documents in compliance with the court's

order filed _____:

10

          _____            completed summons form

          _____            completed USM-285 forms

          _____            copies of the _____

11

                             Third Amended Complaint

DATED:

12

13

14
                                                  _____

                                              Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26