1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7    BRIAN DARNELL EDWARDS,

8            Plaintiff,                    No. 2:10-cv-1264 MCE JFM (PC)

9        vs.

10   HIGH DESERT STATE PRISON,
     et al.,

11

12           Defendants.              ORDER
     _____/

13           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

14   42 U.S.C. § 1983.  Several matters are pending before the court.

15           On May 29, 2012, plaintiff filed a motion for a ninety day extension of time to

16   conduct discovery in this action.  In support of his motion, plaintiff contends that he will require

17   additional discovery from defendants, who have received extensions of time to respond to the

18   first sets of discovery propounded by plaintiff.  On May 31, 2012, defendants filed a document

19   styled as a statement of non-opposition to plaintiff's motion.  Therein, defendants represent that

20   while they do not oppose a reasonable extension of the discovery deadline they do not believe an

21   additional period of ninety days is required to complete discovery.  Defendants also request an

22   extension of time to file dispositive motions.

23           Pursuant to the discovery and scheduling order filed in this action on February 23,

24   2012, discovery was to be completed by June 8, 2012.  Plaintiff timely filed three motions to

25   compel, which will be resolved by this order.  Although he asserts generally that he will need to

26   propound additional discovery after receiving defendants' responses to his first round of

1

1    discovery, he does not otherwise identify what additional discovery he requires to prosecute this

2    action.  For that reason, plaintiff's motion to extend the discovery cutoff will be denied.  Since

3    the request to extend discovery will be denied, defendants' request to extend the time for filing

4    dispositive motions will also be denied.

5              On June 8, 2012, plaintiff filed three motions to compel discovery.  By the first

6    motion, which is dated May 29, 2012, plaintiff seeks to compel defendant D. Simpson to serve

7    responses to interrogatories served by plaintiff on February 28, 2012.  Plaintiff also seeks

8    expenses in the amount of one thousand dollars ($1,000.00).  Defendant Simpson opposes the

9    motion on the ground that he sought and received an extension of time to serve responses to

10   these interrogatories.  Defendant served the responses on plaintiff on May 31, 2012.  Plaintiff's

11   motion is moot and will therefore be denied, as will his request for expenses of the motion.

12             By the second motion, plaintiff seeks to compel defendant D. Simpson to serve

13   responses to plaintiff's request for admissions.  Plaintiff also seeks expenses in the amount of

14   one thousand dollars ($1,000.00).  Defendant Simpson opposes the motion on the ground that he

15   sought and received an extension of time to serve responses to the request for admissions.

16   Defendant served the responses on plaintiff on May 31, 2012.  Plaintiff's motion is moot and will

17   therefore be denied, as will his request for expenses of the motion.

18             By the third motion, plaintiff seeks to compel additional responses to certain

19   requests for production of documents served on defendants McDonald, Williams, Davis and

20   Simpson.  Specifically, as to each of the four defendants, plaintiff seeks to compel an additional

21   response to his request for production of "any and all documentation, policies, procedures, per

22   H.D.S.P. supplement to the D.O.M. for law library and copying."  All defendants responded that

23   they had no documents responsive to this request in their possession, custody, or control.

24   Defendants cannot be required to produce documents they do not have.  No further response to

25   this request will be required.

26   /////

Plaintiff also seeks to compel a further response to his request to defendant McDonald to produce "documents, policies or procedures for when there is no LTA and law library needs to be ran [sic]."  Defendant McDonald responded that she has documents responsive to this request in her possession, custody, or control.  Defendant McDonald is not required to produce documents she does not have.  No further response to this request will be required.

Finally, plaintiff seeks to compel further responses from defendants Williams, Davis, and Simpson to his request that each of them produce against documents or appeals filed against them "concerning access to law library, legal copys [sic] and PLU status and legal material."  Defendants raised several objections to the request.  In particular, they represented that they do not have possession of any inmate grievance other that plaintiff's appeals that were attached to his third amended complaint and that inmate grievances are maintained in inmates' central files, not in staff personnel files.  Defendants also object that searching for responsive documents in individual central files would be unduly burdensome.  The objections are well-taken.  No further responses will be required.

For all of the foregoing reasons, plaintiff's third motion to compel will be denied, as will his request for expenses of the motion.

Finally, on July 9, 2012, plaintiff filed a motion, dated July 1, 2012, for an order requiring prison staff to give him access to legal research material in his personal property. Appended to the motion are requests sent to prison staff on June 14, 2012, June 18, 2012, and June 30, 2012.  The motion at bar was prepared approximately two weeks after the first request was sent to prison staff.  It is not clear whether plaintiff has received any response to any of the three requests, and it does appear that he has not allowed sufficient time for a response before filing the instant motion.  For that reason, the motion will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

/////

1            1.  Plaintiff's May 29, 2012 motion for an extension of time to conduct discovery

2    is denied;

3            2.  Defendants' May 31, 2012 request for an extension of the deadline to file

4    pretrial motions is denied;

5            3.  Discovery is closed;

6            4.  The August 31, 2012 deadline for filing dispositive motions is confirmed;

7            5.  Plaintiff's June 8, 2012 motions to compel discovery and for expenses (Docket

8    Nos. 55, 56, and 57) are denied;

9            6.  Plaintiff's July 9, 2012 motion for an order requiring access to his legal

10   property is denied without prejudice.

11           Defendants' May 10, 2012 motion for an extension of time is granted;

12           2.  Defendants shall serve their responses to plaintiff's first set of discovery

13   requests on or before May 21, 2012.

14   DATED: July 30, 2012.

15

16   _____

17   UNITED STATES MAGISTRATE JUDGE

18   12
     edwa1264.o
19

20

21

22

23

24

25

26