IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DARNELL EDWARDS,

        Plaintiff,                   No. 2:10-cv-1264 MCE JFM (PC)

    vs.

HIGH DESERT STATE PRISON,
et al.,

        Defendants.             ORDER

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

        On August 16, 2012, plaintiff filed motions for reconsideration of this court's July 31, 2012 order denying his motions for extension of time to conduct discovery and to compel discovery responses.[1] Plaintiff's motion for an extension of time to conduct discovery was denied on the ground that plaintiff had not identified what additional discovery he requires to prosecute this action. Order filed July 31, 2012, at 1-2. In support of his motion for reconsideration, plaintiff now tenders proposed requests for admission, interrogatories, and requests for production of documents. Plaintiff provides no explanation why the proposed

---

[1] The court construes these motions as seeking reconsideration by this court of its own order. Cf. L.R. 303 (E.D. Cal.)

1

Case 2:10-cv-01264-MCE-DAD   Document 80   Filed 10/18/12   Page 2 of 6

discovery was not included with his motion for extension of time, cf. Local Rule 230(j)(4), nor has he shown why he was unable to request within the time set for discovery in this action any additional documents he now seeks.  Moreover, the proposed requests for admissions and interrogatories are argumentative and therefore not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  For these reasons, plaintiff's motion for reconsideration of this court's order denying his request for an extension of time to conduct discovery will be denied.  This order is without prejudice to plaintiff's right to make, as appropriate, a request pursuant to Fed. R. Civ. P. 56(d) in response to a defense motion for summary judgment.

Plaintiff also seeks reconsideration of the court's order denying his motion to compel.  Although it is not entirely clear, the gravamen of plaintiff's request appears to be premised on alleged inconsistencies in defendants' production of relevant provisions of High Desert State Prison (High Desert) supplements to the California Department of Corrections and Rehabilitation's Department Operations Manual (DOM).  In opposition to the relevant motion to compel, defendants represented that they had located the supplemental DOM for library policies and procedures for the relevant years and were providing those to plaintiff.  Good cause appearing, defendants will be directed to inform the court in writing within ten days whether defendants have produced to plaintiff all provisions of High Desert supplements to the DOM for the relevant time period that have been requested by plaintiff and, if not, why they should not be required to produce all such provisions.

Defendants have filed two motions for extension of time to file a dispositive pretrial motion, to and including October 31, 2012.  Good cause appearing, defendants' motions will be granted.  With their motion for summary judgment defendants shall provide to plaintiff a copy of the Rand notice appended to this order.

Finally, plaintiff has filed a motion for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent

indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 16, 2012 motion for reconsideration (Docket No. 68) is granted in part, as set forth in paragraph 2 of this order;

2. Within ten days from the date of this order defendants shall will be directed to inform the court in writing within ten days whether all defendants have produced to plaintiff all provisions of High Desert supplements to the DOM for the relevant time period that have been requested by plaintiff and, if not, why they should not be required to produce all such provisions;

3. Plaintiff's August 16, 2012 motion for reconsideration (Docket No. 69) is denied without prejudice to plaintiff's right to make, as appropriate, a request pursuant to Fed. R. Civ. P. 56(d) in response to a defense motion for summary judgment;

4. Defendants' August 27, 2012 motion for extension of time (Docket No. 70) is granted;

5. Plaintiff's September 5, 2012 motion for appointment of counsel (Docket No. 73) is denied;

6. Defendants' October 12, 2012 motion for extension of time (Docket No. 78) is granted;

7. The deadline for filing dispositive pretrial motions is extended to an including October 31, 2012; and

/////

/////

8. With their motion for summary judgment defendants shall serve upon plaintiff the attached notice.

DATED: October 18, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
edwa1264.o2

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. <u>See</u> L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your

/////

1 opposition. If you do not respond to the motion, the court may consider your failure to act as a
2 waiver of your opposition. See L.R. 230(l).
3     If the court grants the defendant's motion, whether opposed or unopposed, judgment will
4 be entered for that defendant without a trial and the case will be closed as to that defendant.